UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

BUSTER R. MORGAN,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 3:17-cv-227

District Judge Thomas M. Rose
Magistrate Judge Michael J. Newman

---

**REPORT AND RECOMMENDATION[1] THAT: (1) THE NON-DISABILITY FINDING AT ISSUE BE FOUND UNSUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (2) THIS MATTER BE REMANDED TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR PROCEEDINGS CONSISTENT WITH THIS OPINION; AND (3) THIS CASE BE CLOSED**

---

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB") and/or Supplemental Security Income ("SSI").[2] This case is before the Court upon Plaintiff's Statement of Errors (doc. 19), the Commissioner's memorandum in opposition (doc. 21), Plaintiff's reply (doc. 23), the administrative record (docs. 10, 14), and the record as a whole.[3]

**I.**

**A.**     **Procedural History**

Plaintiff filed for DIB and SSI alleging a disability onset date of July 12, 2009. PageID 203-15. Plaintiff claims disability as a result of a number of alleged impairments

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 416.920 respectively." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Citations in this Report and Recommendation to DIB regulations are made with full knowledge of the corresponding SSI regulations, and *vice versa*.

[3] Hereafter, citations to the electronically-filed record will refer only to the PageID number.

including, *inter alia*, affective and anxiety disorders, post-traumatic stress disorder ("PTSD"), social phobia, obesity, mild degenerative disc disease, a right rotator cuff tear, and a left labrum tear. PageID 53.

After initial denial of her applications, Plaintiff received a hearing before ALJ Elizabeth A. Motta on December 14, 2016. PageID 1070-1104. The ALJ issued a decision on February 1, 2017 finding Plaintiff not disabled. PageID 51-68. Specifically, the ALJ found at Step Five that, based upon Plaintiff's residual functional capacity ("RFC") to perform a reduced range of light work,[4] "there are jobs in that exist in significant numbers in the national economy that [he] can perform[.]" PageID 60-68.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 48-50. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

**B.     Evidence of Record**

The evidence of record is adequately summarized in the ALJ's decision (PageID 51-68), Plaintiff's Statement of Errors (doc. 19), the Commissioner's memorandum in opposition (doc. 21), and Plaintiff's reply (doc. 23). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

---

[4] Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." *Id*. § 404.1567(b). An individual who can perform light work is presumed also able to perform sedentary work. *Id*. Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." *Id*. § 404.1567(a).

## II.

### A. Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742,745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity;

2. Does the claimant suffer from one or more severe impairments;

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1;

4. Considering the claimant's RFC, can he or she perform his or her past relevant work; and

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform;

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

On appeal, Plaintiff argues that the ALJ erred by: (1) improperly determining his RFC; (2) improperly weighing the opinion evidence, including the opinion of treating psychiatrist Jose Collares, M.D.; and (3) concluding, wrongly, that his headaches are not a medically determinable impairment. Doc. 19 at PageID 1132-42. Finding error in the ALJ's assessment of Plaintiff's mental health limitations (and his resulting mental RFC), the Court does not address Plaintiff's other alleged errors and, instead, directs that these issues be addressed by the ALJ on remand.

The Commissioner's regulations provide that a claimant's "impairment(s), and any related symptoms, such as pain, may cause physical and mental limitations that affect what [he or she] can do in a work setting." 20 C.F.R. § 404.1545(a)(1). An individual's RFC "is the most

4

[he or she] can still do despite [his or her] limitations." *Id*. While the determination of an RFC is within the ALJ's province, "the RFC is ultimately a medical question that must find at least some support in the medical evidence of record." *Powell v. Comm'r of Soc. Sec.*, No. 3:15-CV-406, 2017 WL 1129972, at *4 (S.D. Ohio Mar. 27, 2017) (citing *Casey v. Astrue*, 503 F.3d 687, 697 (8th Cir. 2007)). In other words, "[t]he opinions of treating physicians, consultative physicians, and medical experts who testify at hearings are crucial to determining a claimant's RFC because '[i]n making the residual functional capacity finding, the ALJ may not interpret raw medical data in functional terms.'" *Isaacs v. Astrue*, No. 1:08-CV-00828, 2009 WL 3672060, at *10 (S.D. Ohio Nov. 4, 2009) (quoting *Deskin v. Commissioner*, 605 F.Supp.2d 908, 912 (N.D. Ohio 2008)).

In this case, the ALJ found that Plaintiff had the following RFC:

> to [perform light work . . .] subject to the following limitations: (1) lifting and carrying 20 pounds occasionally and 10 pounds frequently; (2) sitting, standing, and walking six hours each during an 8-hour workday; (3) frequent postural activity, including climbing stairs and/or ramps, stooping, crawling, balancing, stooping, kneeling, crouching, and crawling; (4) occasional climbing of ladders, ropes or scaffolds; (5) no concentrated exposure to vibration; (6) pushing and/or pulling limited to occasional bilaterally; (7) no more than occasional overhead reaching bilaterally, but frequent reaching in all other directions; (8) simple, repetitive tasks with only simple decision-making; (9) low stress work, which is defined as work with no strict production quotas or fast pace and only routine work with few changes in the work setting; (10) no contact with the public as part of job duties; and (11) occasional contact with coworkers and supervisors, including no teamwork or over-the-shoulder supervision.

PageID 60. In determining Plaintiff's mental RFC, the ALJ relied significantly on the opinions of record-reviewing psychologists Courtney Zeune, Psy.D. and Joseph Edwards, Ph.D., whom he gave "great weight." PageID 64-65, 83-94, 97-111.

5

Specifically, Dr. Zeune and Edwards opined that Plaintiff has moderate limitations[5] in his ability to maintain attention and concentration for extended periods; work in coordination with or in proximity to others without behind distracted by them; tcomplete a normal workday and workweek without interruptions from psychologically-based symptoms and perform at a consistent pace without an unreasonable number and length of rest periods. PageID 90-92, 107-09. Drs. Zune and Edwards also found Plaintiff moderately impaired in his ability to interact appropriately with the general public, accept instructions and respond appropriately to criticism from supervisors, get along with coworkers or peers without distracting them or exhibiting behavioral extremes, and respond appropriately to changes in the work setting. *Id.*

An ALJ must meaningfully explain why certain limitations are not included in the RFC determination, especially when such limitations are set forth in opinions the ALJ weighs favorably. *See* SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996); *O'Ryan v. Comm'r of Soc. Sec.*, No. 3:14-CV-125, 2015 WL 6889607, at *4 (S.D. Ohio July 30, 2015) (string citation omitted). The ALJ failed to address -- as opined by Drs. Zeune and Edwards -- Plaintiff's moderate limitation in his ability to complete a normal workday and workweek as a result of his affective and anxiety disorders, personality disorder, PTSD, and social phobia. *See* PageID 53, 90-92, 107-09. Such omission is error. *See Falconi v. Comm'r of Soc. Sec.*, No. 1:08CV622, 2009 WL 3790176, at *10 (S.D. Ohio Nov. 11, 2009) (the ALJ's limitations, that Plaintiff is able to 'perform simple, routine, repetitious work in a low stress environment with no strict production requirement,' do[es] not adequately address the limitation of her ability to complete a normal workday"). Further, such error is notable because the opinions of Drs. Zeune and Edwards in this regard are consistent with the opinions of Plaintiff's treating psychiatrist, Dr.

---

[5] Whereas "mild" and "moderate" functional limitations are generally considered "non-disabling," *see Sims v. Comm'r of Soc. Sec.*, 406 F. App'x 977, 980 (6th Cir. 2011), "marked" or "extreme" limitations are suggestive of disability. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(C); *Lankford v. Sullivan*, 942 F.2d 301, 307 (6th Cir. 1991).

Collares -- who opines that, as a result of his mental impairments, Plaintiff would have five or more unscheduled work absences each month.[6] PageID 90-92, 107-09, 924-26. This limitation is significant because the VE testified at the administrate hearing that an individual who has five or more unscheduled work absences each month could not maintain employment (and would thus be disabled). PageID 1103.

In light of the foregoing, the ALJ's non-disability finding is found unsupported by substantial evidence.

## IV.

When, as here, the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to reverse and remand the matter for rehearing, or to reverse and order an award of benefits. The Court has authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991). Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 782 (6th Cir. 1987). In this instance,

---

[6] Dr. Collares also opined that Plaintiff has "marked" limitations in his ability to accept instructions from others or respond appropriately to criticism; process subjective information accurately and use appropriate judgment; maintain attention and concentration for more than brief periods of time; perform at production levels expected by most employers; respond appropriately to changes in work setting; remember locations, workday procedures and instructions; behave predictably, reliably and in an emotionally stable manner; to maintain personal appearance and hygiene; and tolerate customary work pressures. PageID 924-26. Dr. Collares also opined that Plaintiff is "extremely" limited in his ability to work in coordination, with or in proximity to, others without distracting them or exhibiting behavioral extremes; respond appropriately to co-workers and peers; relate to the general public and maintain socially appropriate behavior; perform and complete work tasks in a normal work day or work week at a consistent pace; work in cooperation with, or in proximity, to others without being distracted by them; and carry through instructions and complete tasks independently. *Id.* These findings, if accepted by the ALJ, are suggestive of disability. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(C); *Lankford*, 942 F.2d at 307.

evidence of disability is not overwhelming, and remand for further proceedings -- as specifically set forth above -- is proper.

## V.

**IT IS THEREFORE RECOMMENDED THAT:** (1) the ALJ's non-disability finding be found unsupported by substantial evidence, and **REVERSED**; (2) this matter be **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and (3) this case be **CLOSED**.

Date:  March 7, 2018            s/ Michael J. Newman
                                Michael J. Newman
                                United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).